IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHELLE DANKO, )
)
    Plaintiff, )
)
vs. ) No. 05 C 6674
)
HILTON HOTELS CORPORATION, )
d/b/a SAN FRANCISCO FISHERMAN'S )
WHARF HILTON, )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff alleges that she slipped and fell while getting out of the bathtub in her room at a Hilton Hotel in San Francisco. Defendant moves, pursuant to 28 U.S.C. §1404(a), for transfer to the Northern District of California. That motion is denied.

Defendant cannot very well contend that dragging it into courts in Illinois is a gross inconvenience. It is, as a hotel chain, all over the country, including Chicago. But, it contends, Illinois has little relationship to the case because plaintiff lives in Crown Point, Indiana, and the alleged accident and emergency medical treatment took place in San Francisco. According to plaintiff, she moved to Crown Point from Illinois after the suit was filed, although she has not filed any affidavit to that effect. In any event, she apparently still teaches English in the Chicago school system, and Crown Point is within commuting distance of the federal court in Chicago. As a practical matter, Chicago is for plaintiff a local forum.

Defendant has a more persuasive contention in arguing that the focus of the case is San Francisco. The emergency medical personnel are there and so are the hotel employees. But what are the hotel employees going to add? According to plaintiff, Jeneva Ingram of Blue

Island, Illinois, witnessed the occurrence, but no one else did. Perhaps a hotel employee can testify to what the hotel does to minimize slips in bathtubs and what was done to get plaintiff treatment. But apparently no one in defendant's employ has personal knowledge of the accident. Finally, although the record is sketchy about this, plaintiff has apparently had medical treatment for her injuries here in Illinois, and the treaters are necessarily local. Thus some witnesses will have to come here from San Francisco to testify, or will testify by deposition, or some witnesses will have to go to San Francisco, including plaintiff, or will have to testify by deposition. In that tradeoff, an individual plaintiff suing near her residence a national corporation, is the winner.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

_Dec. 6_, 2006.